UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MAC TRUONG,<br>a.k.a. DMT MAC TRUONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GERALD D. MILLER, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 24-0073 (UNA) |

## **MEMORANDUM OPINION**

This matter is before the Court on review of this *pro se* plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and civil complaint (ECF No. 1). The Court will GRANT the application and DISMISS the complaint without prejudice.

Plaintiff, who resides in Brooklyn, New York, purports to bring this civil action, *see* Compl. at 1 (¶ 1), against defendants, including his former landlord, agents of his former landlord, and counsel representing his former landlord in proceedings before the Superior Court of New Jersey, *see id*. at 3-5 (¶¶ 6-13), 9 (¶ 13). According to plaintiff, defendants "acted in concert" over a six-year period "in serious willful criminal violation of [his] numerous fundamental constitutional rights to liberty, privacy, redress [of] grievances in a fair and just court of law, due process, equal protection of the law, and property," *id*. at 5 (¶ 1), in violation of 10 U.S.C. § 921 and 18 U.S.C. §§ 241 and 1512, *id*. at 5 (¶ 1), 10 (¶ 16), 11 (¶ 20). Plaintiff demands monetary damages of $7,500,000. *Id*. at 12 (¶ 1). In addition, he demands a court order directing "any appropriate legal authorities to investigation all . . . of the

1

defendants regarding their conspiracy and criminal misconduct, indict, and prosecute them[.]" *Id*. at 12 (¶ 12).

As plaintiff well knows, *see Truong v. Salierno*, No. 1:23-cv-2592 (D.D.C. Oct. 11, 2023) (ECF No. 4); *Truong v. Valenziano*, No. 1:23-cv-2501 (D.D.C. Oct. 11, 2023) (ECF No. 4), there is no private right of action under the statutes cited, *see Banks v. Kramer*, No. 09-5140, 2009 WL 5526780, at *1 (D.C. Cir. Dec. 30, 2009) (per curiam) (affirming dismissal of claims under "18 U.S.C. §§ 1001, 1503, 1505, 1621, and 241 [because] there is no private right of action under these criminal statutes"); *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018) (finding that 10 U.S.C. § 921 "falls within the punitive articles of the Uniform Code of Military Justice," which in addition to its inapplicability in that case does not create "a private cause of action to enforce the punitive articles enacted therein[.]"); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009), (dismissing claims under 18 U.S.C. §§ 1001, 1503, 1505, 1512, and 1519 because they "do not create private causes of action"), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010) (per curiam); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009) (concluding that 18 U.S.C. § 241 is criminal statute which "do[es] not expressly create a private right of action upon which plaintiff may sue defendants"), *aff'd*, No. 09-5358, 2010 WL 2574084 (D.C. Cir. June 11, 2010) (per curiam), *cert. denied*, 562 U.S. 1201 (2011); *see also Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute").

Plaintiff fares no better with his demand that defendants be prosecuted criminally. "The power to decide when to investigate, and when to prosecute, lies at the core of the Executive's duty to see to the faithful execution of the laws; when reviewing the exercise of that power, the judicial authority is, therefore, at its most limited." *Cmty. for Creative Non-Violence v. Pierce*, 786 F.2d 1199, 1201 (D.C.

Cir. 1986). The Executive Branch, not a federal court, initiates criminal proceedings. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"). And plaintiff is "a private citizen [who] lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Volovets v. Clinton*, No. 22-5207, 2022 WL 5239553, at *1 (D.C. Cir. Oct. 6, 2022) (per curiam) (affirming dismissal of lawsuit "because, as a private party, [plaintiff] cannot bring claims under criminal law or seek to compel the criminal investigation or prosecution of the defendants").

    An Order is issued separately.

                                       CHRISTOPHER R. COOPER
                                       United States District Judge

DATE: January 26, 2024